U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 4 2013

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TONIA FULLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-886-A |
| | § | |
| BANK OF AMERICA, N.A., AND | § | |
| NATIONSTAR MORTGAGE, LLC, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiff, Tonia Fuller, initiated this action by filing her original petition, application for temporary restraining order, and request for temporary injunction in the District Court of Tarrant County, Texas, 141st Judicial District, naming as defendants Bank of America, N.A.("Bank of America"), and Nationstar Mortgage, LLC ("Nationstar"). Bank of America removed the action, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, and that the

amount in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, as contemplated by 28 U.S.C. §

1332.

The allegations in the state court pleadings pertain to

plaintiff's property on Winterwood Drive in Kennedale, Texas.

Plaintiff claims that in or around October 2012, she became

concerned that she would be unable to meet her mortgage

obligation due to unemployment and medical bills. She alleges

that she contacted Bank of America and was granted a special

forbearance. Pursuant to the forbearance, plaintiff did not make

payments for October, November, or December of 2012, but did make

her regular payment for January of 2013, after which she received

a letter from Bank of America indicating that her loan was

current. Plaintiff states that she continued to make regular

payments from January until May of 2013, at which time she sought

to modify her loan with Bank of America. Plaintiff alleges that

Bank of America then allowed her to make payments twice per

month, beginning May 15, 2013. After receiving notice from Bank

of America that Nationstar was the new servicer of plaintiff's

loan, plaintiff attempted to make payments to Nationstar for

2

June, July, and August of 2013, but her payments were rejected and plaintiff was informed that Nationstar would not accept partial payments and had no record of the loan modification.

Plaintiff asserts claims against defendants for violation of the Deceptive Trade Practices Act, breach of contract, fraud, and negligent misrepresentation, and seeks economic and actual damages, temporary restraining orders, temporary injunction, attorney's fees, and costs of court.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita

_____

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

(continued...)

3

_Falls Indep. Sch. Dist._, 44 F.3d 362, 365-66 (5th Cir. 1995).

Any doubts about whether removal jurisdiction is proper must

therefore be resolved against the exercise of federal

jurisdiction. _Acuna v. Brown & Root Inc._, 200 F.3d 335, 339 (5th

Cir. 2000).

To determine the amount in controversy, the court ordinarily

looks to the plaintiff's state court petition. _Manguno_, 276 F.3d

at 723. If it is not facially apparent from the petition that

the amount in controversy exceeds the required amount, the

removing party must set forth summary judgment-type evidence,

either in the notice of removal or in an affidavit, showing that

the amount in controversy is, more likely than not, greater than

$75,000. _Id._; _Allen v. R & H Oil & Gas Co._, 63 F.3d 1326, 1335

(5th Cir. 1995). The amount in controversy is measured from the

perspective of the plaintiff. _See_ _Garcia v. Koch Oil Co. of_

_Texas Inc._, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

---

(...continued)

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

III.

## The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having considered the authorities and arguments cited by Bank of America in the notice of removal, the court is unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Nothing on the face of the petition provides sufficient information as to the amount in controversy. In the notice of removal, Bank of America contends that "[w]hen equitable relief is sought, 'the amount in controversy is measured by the value of the object of the litigation.'" Notice of Removal at 3. Bank of America argues that in the context of a mortgagor seeking to protect his entire property, the fair market value of the property is the proper measure of the amount in controversy.

5

Bank of America asserts that the fair market value of the subject property is $245,400.00 and that this amount satisfies the jurisdictional minimum amount in controversy.

However, the fact that the value of the property mentioned in plaintiff's pleadings might be more than $75,000.00 does not establish the amount in controversy. Nowhere does plaintiff in her state court pleadings indicate that the fair market value of the property represents the amount in damages she is requesting. Further, a review of plaintiff's pleadings makes clear that nothing therein gives rise to a claim to outright title to the property. Rather, plaintiff is alleging that defendants have failed to honor an agreement for loan modification and have wrongfully scheduled the property for a sale pursuant to foreclosure. Hence, the court is convinced that there is no legitimate dispute in this action over ownership to the property, nor is there any basis in the petition by which Bank of America can establish that the amount in controversy exceeds the jurisdictional minimum.

No information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks

to protect by this action.  Thus, Bank of America has not shown

by a preponderance of the evidence that the amount in controversy

in this action exceeds $75,000, exclusive of interest and costs.

Consequently, the court lacks subject matter jurisdiction over

the action, and it should be remanded to the state court from

which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby,

remanded to the state court from which it was removed.

SIGNED November 14, 2013.

JOHN McBRYDE
United States District Judge